UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN, SR.,

                      Plaintiff,

      v.

WILLIAM P. BARR, et al.,

                 Defendants.

CASE NO. 2:19-cv-01593-JLR

**REPORT AND
RECOMMENDATION**

Plaintiff Jerome Brown, Sr., appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. Dkt. 1. The IFP application is deficient for several reasons. Plaintiff lists as the plaintiff to this action, "FBI Unit, Georgia State ID/GA1137965 Active FBI-FBI/375269P5-Children Mr. Jerome Julius Brown, Sr." Plaintiff states he receives a total net monthly salary of $1,500.00 from Howard University Graphics & Printings, but also states that he was last employed on November 28, 2017 with a net monthly salary of $2,500.00. *Id.* at 1. Although Plaintiff indicates he is not presently employed, Plaintiff represented on an IFP application signed September 18, 2019 that he receives $1,000.00 in net monthly salary without disclosing the source of income. *See Brown v. Frosh, et al.*, 19-1503-RSM (Dkt. 1). Plaintiff also claims to have received Social Security benefits of $1,000 and $500.00 from other sources within the past twelve months. *Id.* Finally, Plaintiff claims that he is sleeping in his car, but also claims monthly expenses of $300 for transportation; an unspecified car payment (with a $20,000.00

1  loan balance); $417.00 for utilities; approximately $700.00 for food, gas, and supplies; and

2  $5,100.00 in child support. *Id.* at 2.

3  Further, Plaintiff's proposed complaint is largely incomprehensible and does not appear

4  to allege a viable claim. The complaint purports to seek a writ of mandamus to compel the

5  Director of the FBI "to perform a dutie [sic] owed to Plaintiff Badge as FBI Unit." Dkt. 1-1 at 1.

6  When asked to provide a statement of his claim, Plaintiff states only: "Classified AA AA TT01

7  01 05 AA AA 02 05 04TTR by Director Louis I. Freeh. Court of Appeals Case No. 18-5052

8  Granted Complaint FBI Director. Court of Appeals Case No. 18-05164 Granted Employment Job

9  Discrimination Cause title 42 USCS 2000 E." *Id.* at 4.

10  Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP

11  and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be

12  granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

13  *Williams*, 490 U.S. 319, 325 (1989). Even construing all allegations in the light most favorable to

14  the Plaintiff, and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a

15  claim showing he is entitled to relief.

16  The Court also notes that Plaintiff has a history of filing repetitive and frivolous lawsuits.

17  Several cases filed in this Court since February 2019 have been dismissed as frivolous. *See*

18  *Brown v. USPS PMG*, C19-0295-RSM (Dkt. 9); *Brown v. United States Marshall Service, et al.*,

19  C19-1246-RAJ (Dkt. 11); *Brown v. Brennan et al.*, C19-1331-JLR (Dkt. 10); *Brown v. Robinson,*

20  *et al.*, C19-1330-JCC (Dkt. 8). Plaintiff has also been ordered to file an amended complaint in

21  another matter, *Brown v. Robinson, et al.*, C19-1330-JCC (Dkt. 7), and there are pending Report

22  and Recommendations recommending dismissal in *Brown v. Auerbach, et al.*, C19-1311-RSL

23  (Dkt. 4); *Brown v. Smith, et al.*, 19-1416-RSM (Dkt. 5); and, in *Brown v. Frosh*, C19-1503-RSM

1    (Dkt. 4). Further, at least three other district courts have limited Plaintiff's ability to file new

2    cases. *See Brown v. Walter, et al.*, C18-0320-RMP (E.D. Wash.) (Dkt. 2) (dismissing action filed

3    without a filing fee or IFP application in light of litigious history; citing *Brown v. Lyons Mane*

4    *Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining Plaintiff from proceeding IFP),

5    *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.

6    Dec. 7, 2004) (deeming Plaintiff a frequent litigator and imposing pre-filing restrictions); and *In*

7    *re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting Plaintiff to one lawsuit at a time

8    pending in that district)).

9            There is also a question of whether Plaintiff's proposed complaint lacks a basis for venue

10   in this Court as Plaintiff names defendants located in Maryland, Virginia, and the District of

11   Columbia, and the events (although difficult to discern) appear to have occurred in Maryland.

12   *See* Dkt. 1-1 at 1-3. Because Plaintiff has styled his complaint as one for mandamus and he lists

13   Seattle, Washington as his residence, it is at least arguable that venue is appropriate here

14   pursuant to 28 U.S.C. § 1391(e). However, the residence Plaintiff lists is "FBI Unit, 8027 40th

15   Avenue N.E., Seattle, Washington"[1] and in his IFP application, he claims that he is living in his

16   car. Thus, it is not at all clear from Plaintiff's filings where he resides. In the eight other cases

17   Plaintiff has filed in this District in the last seven months, he lists his residence as Merrifield,

18   Virginia; LaPlata, Maryland; and Lanham, Maryland (although he has purported to send mail to

19   the District Court from "the United States Marshal Council in Seattle, Washington" at 8027 40th

20   Avenue N.E., in Seattle, Washington) *See* Case Nos. C19-295-RSM; C19-1246-RAJ; C19-1311-

21

22   _____

23   [1] The FBI's Seattle Office is on 3rd Avenue in Seattle, Washington. 8027 40th Avenue NE in
     Seattle, Washington (listed by Plaintiff on several occasions as his address) is described on
     Zillow.com as a single family home currently listed for sale at $765,000.00. This property is not
     included in Plaintiff's IFP application. Rather, he claims "property damages" of $75,000.00 to a
     home in Upper Marlboro Maryland. *See* Dkt. 1 at 2.

1    RSL; C19-1330-JCC; C19-1331-RSL; C19-1416-RSM; C19-1484-JCC; and C19-1503-RSM.

2        When an action is filed in the wrong venue, a court must either dismiss the action or,

3    when justice so requires, transfer the action to a different venue. 28 U.S.C. § 1406(a). As it is not

4    clear where Plaintiff is currently residing and because he has failed to plead sufficient allegations

5    to show a proper basis for a federal court to assert subject matter jurisdiction over this action (*see*

6    *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)), the interests of justice

7    do not mandate transfer of this case.

8        Considering Plaintiff's submissions in the current case and his litigation history, there is

9    no reasonable basis for concluding any jurisdictional deficiency could be cured by amendment.

10   Further, given that this action appears frivolous and fails to state a claim upon which relief may

11   be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

12       Because of the deficiencies in the IFP application and proposed complaint, the Court

13   recommends that Plaintiff's request to proceed IFP should be **DENIED** and this case

14   **DISMISSED without prejudice**. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). A

15   proposed order accompanies this Report and Recommendation.

16       Objections to this Report and Recommendation, if any, should be filed with the Clerk and

17   served upon all parties to this suit by no later than **October 31, 2019**. Objections, and any

18   response, shall not exceed twelve pages. Failure to file objections within the specified time may

19   affect your right to appeal. Objections should be noted for consideration on the District Judge's

20   motion calendar fourteen (14) days after they are served and filed. Responses to objections, if

21   any, shall be filed no later than fourteen (14) days after service and filing of objections. If no

22   timely objections are filed, the matter will be ready for consideration by the District Judge on the

23   day after the date objections were due.

REPORT AND RECOMMENDATION - 4

1

2          The Clerk is directed to send copies of this Report and Recommendation to the parties

3   and to the Honorable James L. Robart.

4          DATED this 10th day of October, 2019.

5

6                                                    _____
                                                     BRIAN A. TSUCHIDA
7                                                    Chief United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 5